UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 13 CR 730 |
| v. ) | |
| ) | Judge Virginia Kendall |
| TERRELL LANAGAN ) | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d) and Title 18, United States Code, Section 3771(a)(1) and (a)(8), it is hereby ORDERED:

*The Materials*

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses

and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

*Sensitive Materials*

3. Certain discovery materials disclosed or to be disclosed by the government contain particularly sensitive information, including financial information of one or more persons other than defendant (the "sensitive materials"). Prior to disclosure, the sensitive materials shall be marked by the government plainly as sensitive. No sensitive materials, or information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, neither the sensitive materials nor information from the sensitive materials shall be included in any public filing with the Court, and instead shall be submitted under seal (except in the case in which defendant chooses to include in a public document such information relating solely and directly to defendant).

4. The government will make reasonable efforts to provide to defense counsel redacted copies of certain of the sensitive materials, and the government will make available for inspection and review all of the sensitive materials. Defense counsel will make arrangements with the government to review and inspect the sensitive materials. Neither identified members of the defense team nor any defendant may at any time take or possess any unredacted copy or version of any of the sensitive materials without prior written consent from the government.

5. The defendant and members of defendant's defense team may take notes of the sensitive materials during their review and inspection of the sensitive materials, but these notes only may be stored at the defense team's offices. Defendant may not possess any notes of sensitive materials outside of the defense team's offices.

*Use of the Materials*

6. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

7. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons. All such notes or records are to be treated in the same manner as the original materials.

8. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

9. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in

effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

10. To the extent that any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant, defendant's counsel, or both shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location where the material was stored.

11. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
Virginia M. Kendall
District Judge
United States District Court
Northern District of Illinois

Date: April 4, 2014